IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. KIMBROUGH, | 1:08-cv-00101-OWW-SMS-PC |
| Plaintiff, | |
| vs. | ORDER DENYING REQUEST TO BE SERVED AT DIFFERENT ADDRESS |
| DR. ERICA WEINSTEIN, et al., | ORDER FOR CLERK TO CHANGE PLAINTIFF'S ADDRESS OF RECORD |
| Defendants. / | |

Plaintiff, a state prisoner, is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On October 30, 2008, plaintiff submitted a "notice" and a motion for appointment of counsel with indication that he is currently incarcerated at the California State Prison in Lancaster, California. (Docs. 10, 11.) A review of the court docket shows plaintiff's current address as 5952 N. Las Virgenes Rd. #755, Calabasas, CA 91302. The Calabasas address was given to the court by plaintiff on January 22, 2008 as "my home address," and on February 19, 2008, plaintiff filed a formal notice of change of address to the Calabasas address. (Docs. 3, 7.)

There is no Federal Rule of Civil Procedure or Local Rule concerning the service of Court and other legal documentation at an address other than a pro se litigant's actual address. Local Rule 7-131, Local Rule 83-182(d), and Local Rule 83-183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the Court to serve him at a different address.

There may be special circumstances in which the court could serve a pro se litigant at a separate address. However, no such special circumstances are apparent here. Plaintiff notes that he may be transferred again soon. Hundreds of pro se litigants who currently have cases pending before this Court

are similarly situated as plaintiff and thus, unexpected or frequent transfer alone is insufficient to warrant service at a location other than the pro se litigant's place of incarceration. Moreover, service at a location other than plaintiff's place of incarceration can pose significant problems with ensuring that plaintiff receives all court documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se. For example, plaintiff notes that he is unaware of his case number because his case information is being kept by his mother.

The Clerk of Court shall be directed to change plaintiff's address of record to the California State Prison in Lancaster. Plaintiff is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 83-182(d). Moreover, plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to be served at a "home address" outside his place of incarceration is DENIED;

2. The Clerk of Court is DIRECTED to change plaintiff's address of record to the California State Prison in Lancaster;

3. The Clerk of Court shall serve plaintiff with a copy of this order at both of the following addresses:

   1) Curtis L. Kimbrough F-52945
      Lancaster State Prison
      44750 60th Street West
      Lancaster, CA 93536

   2) Curtis L. Kimbrough
      5952 N. Las Virgenes Rd. #755
      Calabasas, CA 91302

IT IS SO ORDERED.

**Dated:   November 4, 2008**           /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

2