# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS L. KIMBROUGH,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. ERICA WEINSTEIN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00101-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 23)<br><br>THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Recommending Dismissal of Action**

**I.     Procedural History**

Plaintiff Curtis L. Kimbrough, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 22, 2008. On September 10, 2009, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state any claims. Plaintiff filed an amended complaint on October 30, 2009.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusions are not, id. at 1949.

### III. Plaintiff's Eighth Amendment Medical Care Claim

#### A. Allegations

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation and at the time of the events at issue in this action, he was incarcerated at Avenal State Prison. Plaintiff alleges that he was denied appropriate follow-up medical care after having shoulder surgery, in violation of his rights under the Eighth Amendment of the United States Constitution. Plaintiff names Mercy Hospital surgeon Young Paik, M.D.; Avenal State Prison Chief Medical Officers Erica Weinstein, M.D., and Nanveet Adaya, M.D.; and Avenal State Prison physical therapist Steve Chabak, M.D., as defendants. Plaintiff seeks damages, declaratory relief, and an injunction.

On June 20, 2007, Plaintiff had arthroplasty on his left shoulder at Mercy Hospital in Bakersfield and he remained hospitalized until June 25, 2007, at which time he was sent back to Avenal State Prison. Defendant Paik, who performed the surgery, issued an order recommending that Plaintiff be provided with physical and occupational therapy on an urgent basis. Physical therapy had been ordered while Plaintiff was in the hospital, but he did not receive any.

On June 27, 2007, Plaintiff requested to see to a doctor and was seen by Dr. Castillo, a primary care physician. Plaintiff asked about receipt of physical and occupational therapy and was

told by Dr. Castillo that the Chief Medical Officer had not renewed a contract with a physical therapy provider. Dr. Castillo issued a request for Plaintiff to be sent to an outside facility for physical and occupational therapy on an urgent basis.

Plaintiff was finally seen for physical therapy on September 6, 2007, at which time he was told by Defendant Chabak that he would receive therapy two to three times a week beginning the next week.

On September 7, 2007, Plaintiff received a letter from Pui Yee Yu with the Prison Law Office stating that Defendants Weinstein and Adaya informed him that the delay in receiving physical therapy was attributable to ongoing contract negotiations with physical therapy providers.

Plaintiff next received therapy on November 20, 2007, and he was told by Defendant Chabak that he would receive five more sessions. Plaintiff was seen three more times, on December 4, 5, and 11, 2007.

Plaintiff contends that he continues to suffer further injury to his left shoulder, including pain.

**B.     Discussion**

   **1.     Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment,

the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 2. Defendant Paik

Defendant Paik is a private physician who performed Plaintiff's shoulder surgery at Mercy Hospital. Assuming without deciding that Defendant Paik acted under color of law by as a state contract provider, see e.g., Brentwood Academy, 531 U.S. at 295, 121 S.Ct. 924; Pollard v. GEO Group, Inc., No. 07-16112, 2010 WL 5028447, at *8-13 (9th Cir. Dec. 10, 2010); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008), there are no factual allegations supporting a claim that he knowing disregarded an excessive risk of harm to Plaintiff's health while Plaintiff was in the hospital. The conclusory allegation that Plaintiff did not receive therapy while in the hospital for five days falls well short of supporting an Eighth Amendment claim against Defendant Paik. The Court recommends dismissal of the claim against Defendant Paik, with prejudice.

### 3. Defendant Chabak

Defendant Chabak provided physical therapy to Plaintiff on a number of occasions. Plaintiff's amended complaint is devoid of any allegations linking Defendant Chabak to the approximately two month delay in receiving an initial physical therapy evaluation, to the non-receipt of any physical therapy between the initial evaluation on September 6, 2007, and the next session on November 20, 2007, or to the failure to provide the remaining two of five therapy sessions in December 2007. There are simply no facts suggesting that there were any acts or omissions constituting deliberate indifference that were attributable to Defendant Chabak, or that Defendant

Chabak, through some action or inaction, caused Plaintiff to suffer further injury to his shoulder. The Court recommends dismissal of the claim against Defendant Chabak, with prejudice.

### 4.  Defendants Weinstein and Adaya

Under section 1983, Plaintiff must show that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

As Chief Medical Officers, Plaintiff contends that Defendants Weinstein and Adaya were responsible for the alleged violation of his constitutional rights because they failed to ensure that he received appropriate post-surgical therapy and they were responsible for the policies or practices in place which led to Plaintiff's inability to obtain timely and/or adequate physical therapy.

Plaintiff's factual allegations fall short of supporting a plausible Eighth Amendment claim for deliberate indifference arising out of the failure to provide adequate physical therapy. Construing Plaintiff's allegations liberally and in the light most favorable to Plaintiff, Hebbe v. Pliler, No. 07-17265, 2010 WL 4673711, at *3 (9th Cir. Nov. 19, 2010) (citations omitted), there is insufficient factual support for Plaintiff's claim that the failure to provide more physical therapy than was provided rose to a level of deliberate indifference, that Plaintiff suffered further harm as a result of insufficient physical therapy, or that Defendants Weinstein and Adaya were responsible for that failure, Farmer, 511 U.S. at 837; Toguchi, 391 F.3d 1057. The Court recommends dismissal of the claim against Defendants Weinstein and Adaya, with prejudice.

### IV.  Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies in his claims and

granted leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff was unable to cure the deficiencies and further leave to amend is not warranted. Id. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 6, 2011**                   /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE